Kimberly Gonzalez
500 W. Broadway, #617
Long Beach, CA 90802
(949) 739-9066
**Defendant, In Pro Per**

FILED
2025 JAN 17 PM 1:35
CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF
LOS ANGELES
BY: GSA

Fee Due
NIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MAGNOLIA APT, LLC,

Plaintiff,

vs.

KIMBERLY GONZALEZ,

Defendant.

Case No.

2:25cv00468-CBM-(Ex)

**NOTICE OF REMOVAL**

**TO THE CLERK OF THE ABOVE-TITLED COURT AND THE HONORABLE UNITED STATES DISTRICT JUDGE:**

PLEASE TAKE NOTICE that Defendant Kimberly Gonzalez ("Defendant") hereby remove to this Court the above-captioned action described further below:

1. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

On September 9, 2024, MAGNOLIA APT, LLC ("Plaintiff") filed an unlawful detainer action in the Superior Court of California, County of Los Angeles, entitled MAGNOLIA APT, LLC v. KIMBERLY GONZALEZ, PEDRO GONZALEZ, Case No. 24LBUD02048. Defendant's Answer to

1

the complaint for unlawful detainer was based on a defective Notice to Quit. A true and correct copy of the relevant pleadings, i.e., summons, complaint, Answer, etc are attached hereto as **Exhibit "A"**.

2. This removal is therefore timely because it is not barred by the provisions of 28 U.S.C. § 1446(b).
3. No previous request has been made for the relief requested.
4. The Superior Court of California for the County of Los Angeles is located within the Central District of California. Sec 28 U.S.C. § 84(c)(1). Thus, venue is proper in this Court because it is the "district and divisions embracing the place where such action is pending." 28 U.S.C. § 1441(a).
5. This Action is removable to the instant Court because it originally could have been filed in this Court pursuant to 28 U.S.C. § 1441(a) and/or (b). The complaint presents federal questions. Supplemental jurisdiction exists with respect to any remaining claims pursuant to 28 U.S.C. § 1367.

## II. FEDERAL QUESTION: REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §1331 and §1441.

6. The complaint for Unlawful Detainer is subject to strict notice requirements.
7. Defendant filed his Demurrer to the complaint based on a defective notice, i.e., the Notice to Pay or Quit, failed to comply with The Protecting Tenants Moratorium Act [1179.10(b)].

8. Federal question exists because Defendant's Answer, a pleading that depends on the determination of Defendant's rights and Plaintiff's duties under federal law. Wherefore, Kimberly Gonzalez respectfully removes this action from the California Superior Court for the Los Angeles County, this Court pursuant to 28 United States Code Sections 1331 and 1441.

Respectfully submitted,

**Dated:** 01/17/2025                                    By: K. G. _____

Kimberly Gonzalez
**Defendant, In Pro Per**

# EXHIBIT "A"

# SUMMONS—EVICTION
## (CITACIÓN JUDICIAL—DESALOJO)
### UNLAWFUL DETAINER / FORCIBLE DETAINER / FORCIBLE ENTRY
(RETENCIÓN ILÍCITA DE UN INMUEBLE / RETENCIÓN FORZOSA / ENTRADA FORZOSA)

**SUM-130**

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/10/2024 11:14 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By H. Casillas, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Kimberly Gonzalez, Pedro Gonzalez

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Magnolia Apt, LLC

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 5 days. You have 5 DAYS, not counting Saturdays and Sundays and other judicial holidays, after this summons and papers are served on you to file a written response in court and have a copy served on the plaintiff. If this summons was served through the Secretary of State's Safe at Home address confidentiality program, you have 10 days from the date of service, not counting Saturdays and Sundays and other judicial holidays, to respond.

A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courts.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services website (www.lawhelpca.org), the California Courts Online Self-Help Center (www.courts.ca.gov/selfhelp), or by contacting your local court or county bar association.

FEE WAIVER: If you cannot pay the filing fee, ask the clerk for a fee waiver form. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Usted ha sido demandado. Si no responde dentro de 5 días, el tribunal puede emitir un fallo en su contra sin una audiencia. Una vez que le entreguen esta citación y papeles legales, solo tiene 5 DÍAS, sin contar sábado y domingo y otros días feriados del tribunal, para presentar una respuesta por escrito en este tribunal y hacer que se entregue una copia al demandante. Si la presente citación le ha sido entregado a través del programa de dirección confidencial del Secretario del Estado Seguro en Casa, tiene 10 días después de la fecha de entrega, sin contar sábado y domingo y otros días feriados del tribunal, para responder.

Una carta o una llamada telefónica no lo protege. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por falta de comparecencia y se le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpca.org/es), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados local.

EXENCIÓN DE CUOTAS: Si no puedse pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos con un gravamen sobre cualquier monto de $10,000 ó más recibido mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desestimar el caso.

1. The name and address of the court is: *(El nombre y dirección de la corte es):*

**CASE NUMBER** *(número de caso):*
**24LBUD02048**

LOS ANGELES SUPERIOR COURT LONG BEACH / SOUTH DISTRICT
275 Magnolia Avenue
Long Beach, CA 90802

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Chris Evans#202135/Mackenzie Gonzales#333839/Manisha Bajaj#293791    Kimball, Tirey & St. John LLP
915 Wilshire Blvd, Suite 1650                                         (213) 337-0050
Los Angeles, CA 90017

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. January 1, 2024]

**SUMMONS—EVICTION**
(Unlawful Detainer / Forcible Detainer / Forcible Entry)

Code of Civil Procedure, §§ 412.20, 415.45, 1167
www.courts.ca.gov

CEB Essential Forms

**SUM-130**

| PLAINTIFF (Name): Magnolia Apt, LLC | CASE NUMBER |
|---|---|
| DEFENDANT (Name): Kimberly Gonzalez, Pedro Gonzalez | 24LBUD02048 |

(Must be answered in all cases) An **unlawful detainer assistant** (Bus. & Prof. Code, §§ 6400-6415)  [X] did not  [ ] did
for compensation give advice or assistance with this form. (If plaintiff has received **any** help or advice for pay from an unlawful detainer assistant, complete item 4 below.)

4. **Unlawful detainer assistant** (complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant):
   a. Assistant's name:
   b. Telephone no.:
   c. Street address, city, and zip:

   d. County of registration:
   e. Registration no.:
   f. Registration expires on (date):

David W. Slayton, Executive Officer/Clerk of Court

Date: 09/10/2024    Clerk, by  H. Casillas , Deputy
                    (Secretario)          (Adjunto)

For proof of service of this summons, use Proof of Service of Summons (form POS-010).
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons (form POS-010).)

5. **NOTICE TO THE PERSON SERVED:** You are served
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of (specify):
   c. [ ] as an occupant.
   d. [ ] on behalf of (specify):
      under: [ ] CCP 416.10 (corporation).     [ ] CCP 416.60 (minor).
             [ ] CCP 416.20 (defunct corporation).  [ ] CCP 416.70 (conservatee).
             [ ] CCP 416.40 (association or partnership).  [ ] CCP 416.90 (authorized person).
             [ ] CCP 415.46 (occupant).        [ ] other (specify):
   e. [ ] by personal delivery on (date):

**UD-100**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|

NAME: Chris Evans #202135/Mackenzie Gonzales #333839/Manisha Bajaj #293791
NAME: Kimball, Tirey & St. John LLP
ADDRESS: 915 Wilshire Blvd, Suite 1650
Los Angeles    STATE: CA   ZIP CODE: 90017
TEL NO.: (213) 337-0050   FAX NO.: (213) 337-0080
E-MAIL ADDRESS: LALTElectronicService@kts-law.com
ATTORNEY FOR (name): Plaintiff

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/09/2024 12:06 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By H. Casillas, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 275 Magnolia Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Long Beach, CA 90802
BRANCH NAME: LOS ANGELES SUPERIOR COURT LONG BEACH / SOUTH DISTRICT

PLAINTIFF: Magnolia Apt, LLC
DEFENDANT: Kimberly Gonzalez, Pedro Gonzalez
☐ DOES 1 TO

**COMPLAINT—UNLAWFUL DETAINER***
☒ COMPLAINT   ☐ AMENDED COMPLAINT (Amendment Number):

CASE NUMBER: 24LBUD02048

**Jurisdiction** (check all that apply):
☒ ACTION IS A LIMITED CIVIL CASE (amount demanded does not exceed $35,000)
Amount demanded  ☒ does not exceed $10,000
                 ☐ exceeds $10,000
☐ ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $35,000)
☐ ACTION IS RECLASSIFIED by this amended complaint or cross-complaint (check all that apply):
  ☐ from unlawful detainer to general unlimited civil (possession not in issue).   ☐ from limited to unlimited.
  ☐ from unlawful detainer to general limited civil (possession not in issue).   ☐ from unlimited to limited.

1. PLAINTIFF (name each):
   Magnolia Apt, LLC

   alleges causes of action against DEFENDANT (name each):
   Kimberly Gonzalez, Pedro Gonzalez

2. a. Plaintiff is   (1) ☐ an individual over the age of 18 years.   (4) ☐ a partnership.
                     (2) ☐ a public agency.                          (5) ☐ a corporation.
                     (3) ☒ other (specify): Limited Liability Company
   b. ☐ Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):

3. a. The venue is the court named above because defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):
      500 W. Broadway #617
      Long Beach, CA 90802
      County of Los Angeles
   b. The premises in 3a are (check one)
      (1) ☒ within the city limits of (name of city): Long Beach
      (2) ☐ within the unincorporated area of (name of county):
   c. The premises in 3a were constructed in (approximate year):
   d. Plaintiff's interest in the premises is   ☒ as owner   ☐ other (specify):
   e. The true names and capacities of defendants sued as Does are unknown to plaintiff.

*NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Form Approved for Optional Use
Judicial Council of California
UD-100 [Rev. January 1, 2024]

**COMPLAINT — UNLAWFUL DETAINER**

Page 1 of 4

Civil Code, § 1940 et seq.
Code of Civil Procedure, §§ 425.12, 1166
www.courts.ca.gov

CEB Essential

UD-100

| PLAINTIFF: Magnolia Apt, LLC | CASE NUMBER: |
| --- | --- |
| DEFENDANT: Kimberly Gonzalez, Pedro Gonzalez | 24LBUD02048 |

6. a. On or about (date): 01/17/2024
   defendant (name each):
   Kimberly Gonzalez, Pedro Gonzalez

   (1) agreed to rent the premises as a ☐ month-to-month tenancy  ☒ other tenancy (specify): 16 Months
   (2) agreed to pay rent of $ 3,650.00 payable ☒ monthly  ☐ other (specify frequency):
   (3) agreed to pay rent on the ☒ first of the month  ☐ other day (specify):
   b. This ☒ written  ☐ oral  agreement was made with
   (1) ☐ plaintiff.                (3) ☐ plaintiff's predecessor in interest.
   (2) ☒ plaintiff's agent.        (4) ☐ Other (specify):
   c. ☐ The defendants not named in item 6a are
   (1) ☐ subtenants.
   (2) ☐ assignees.
   (3) ☐ Other (specify):
   d. ☐ The agreement was later changed as follows (specify):

   e. ☐ A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. (Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)
   f. ☒ (For residential property) A copy of the written agreement is **not** attached because (specify reason):
   (1) ☐ the written agreement is not in the possession of the landlord or the landlord's employees or agents.
   (2) ☒ this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. The tenancy described in 6 (complete (a) or (b))
   a. ☒ is **not** subject to the Tenant Protection Act of 2019 (Civil Code, § 1946.2). The specific subpart supporting why tenancy is exempt is (specify): Not Applicable
   b. ☐ is subject to the Tenant Protection Act of 2019.

   (Complete only if item 7b is checked. Check all applicable boxes.)
   ☐ The tenancy was terminated for at-fault just cause (Civil Code, § 1946.2(b)(1)).
   ☐ The tenancy was terminated for no-fault just cause (Civil Code, § 1946.2(b)(2)) and the plaintiff (check one)
   (1) ☐ waived the payment of rent for the final month of the tenancy, before the rent came due, under section 1946.2(d)(2), in the amount of $
   (2) ☐ provided a direct payment of one month's rent under section 1946.2(d)(3), equaling $
         to (name each defendant and amount given to each):

   c. ☐ Because defendant failed to vacate, plaintiff is seeking to recover the total amount in 8b as damages in this action.

9. a. ☒ Defendant (name each): Kimberly Gonzalez, Pedro Gonzalez

   was served the following notice on the same date and in the same manner:
   (1) ☒ 3-day notice to pay rent or quit       (5) ☐ 3-day notice to perform covenants or quit
   (2) ☐ 30-day notice to quit                    (not applicable if item 7b checked)
   (3) ☐ 60-day notice to quit                  (6) ☐ 3-day notice to quit under Civil Code, § 1946.2(c)
   (4) ☐ 3-day notice to quit                       Prior required notice to perform covenants served (date):
                                                 (7) ☐ Other (specify):

Rev. January 1, 2024        **COMPLAINT — UNLAWFUL DETAINER**        Page 2 of 4
EB Essential
ceb.com Forms

UD-100

| | |
|---|---|
| PLAINTIFF: Magnolia Apt, LLC<br>DEFENDANT: Kimberly Gonzalez, Pedro Gonzalez | CASE NUMBER:<br>24LBUD02048 |

9. b. (1) On (date): 08/09/2024   the period stated in the notice checked in 9a expired at the end of the day.
    (2) Defendants failed to comply with the requirements of the notice by that date.
  c. All facts stated in the notice are true.
  d. [X] The notice included an election of forfeiture.
  e. [X] A copy of the notice is attached and labeled Exhibit 2 *(Required for residential property. See Code Civ. Proc., § 1166. When Civil Code, § 1946.2(c), applies and two notices are required, provide copies of both.)*
    ☐ One or more defendants were served (1) with the prior required notice under Civil Code, § 1946.2(c), (2) with a different notice, (3) on a different date, or (4) in a different manner, as stated in Attachment 10c. *(Check item 10c and attach a statement providing the information required by items 9a–e and 10 for each defendant and notice.)*
  f. The notice in item 9a was served on the defendant named in item 9a as follows:
    (1) ☐ By personally handing a copy to defendant on *(date)*:
    (2) ☐ By leaving a copy with *(name or description)*:
        a person of suitable age and discretion, on *(date)*:   at defendant's
        ☐ residence  ☐ business  AND mailing a copy to defendant at defendant's place of residence
        on *(date)*:   because defendant cannot be found at defendant's residence or usual place of business.
    (3) [X] By posting a copy on the premises on *(date)*: 08/06/2024
        [X] AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises on *(date)*: 08/06/2024
        (a) ☐ because defendant's residence and usual place of business cannot be ascertained OR
        (b) [X] because no person of suitable age or discretion can be found there.
    (4) ☐ *(Not for 3-day notice; see Civil Code, § 1946, before using)* By sending a copy by certified or registered mail addressed to defendant on *(date)*:
    (5) ☐ *(Not for residential tenancies; see Civil Code, § 1953, before using)* In the manner specified in a written commercial lease between the parties
  b. ☐ *(Name)*:
    was served on behalf of all defendants who signed a joint written rental agreement.
  c. ☐ Information about service of notice on the defendants alleged in item 9f is stated in Attachment 10c.
  d. ☐ Proof of service of the notice in item 9a is attached and labeled Exhibit 3.

☐ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.

☐ At the time the 3-day notice to pay rent or quit was served, the amount of **rent due** was $   4,233.48

☐ The fair rental value of the premises is $   121.66 per day.

☐ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 14.)*

b. [X] A written agreement between the parties provides for attorney fees.

16. ☐ Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage)*:


    Plaintiff has met all applicable requirements of the ordinances.

17. ☐ Other allegations are stated in Attachment 17.

18. Plaintiff accepts the jurisdictional limit, if any, of the court.

UD-100

| PLAINTIFF: Magnolia Apt, LLC | CASE NUMBER: |
| --- | --- |
| DEFENDANT: Kimberly Gonzalez, Pedro Gonzalez | 24LBUD02048 |

**19. PLAINTIFF REQUESTS**
  a. possession of the premises.
  b. costs incurred in this proceeding:
  c. [X] past-due rent of $ 4,233.48
  d. [X] reasonable attorney fees.
  e. [X] forfeiture of the agreement.
  f. [ ] damages in the amount of waived rent or relocation assistance as stated in item 8: $
  g. [X] damages at the rate stated in item 13 from date: 09/01/2024 for each day that defendants remain in possession through entry of judgment.
  h. [ ] statutory damages up to $600 for the conduct alleged in item 14.
  i. [ ] other (specify):

[ ] Number of pages attached (specify): 3

**UNLAWFUL DETAINER ASSISTANT** (Bus. & Prof. Code, §§ 6400-6415)

[X] (Complete in all cases.) An unlawful detainer assistant [X] did not  [ ] did for compensation give advice or assistance with this form. (If declarant has received any help or advice for pay from an unlawful detainer assistant, complete a–f.)

  a. Assistant's name:
  b. Street address, city, and zip code:
  c. Telephone no.:
  d. County of registration:
  e. Registration no.:
  f. Expires on (date):

Date: 08/29/2024

Chris Evans                                      ▶ /s/Chris Evans
(TYPE OR PRINT NAME)                             (SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)

...plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of ...a that the foregoing is true and correct.

...te 08/29/2024

                                                 ▶ See Attachment
(TYPE OR PRINT NAME)                             (SIGNATURE OF PLAINTIFF)

UD-100 [Rev. January 1, 2024]       COMPLAINT — UNLAWFUL DETAINER       Page 4 of 4

CEB Essential
ceb.com Forms